**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELLY R. SWEENEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-547-JED-TLW |
| v. ) | |
| ) | |
| SEELAN, LLC; THAVASELAN ) | |
| SUBRAMANIAM, an individual and d/b/a ) | |
| LIVING HEALTH RESOURCES ) | |
| CORPORATION or LRHC; ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Court has for its consideration the "Motion to Dismiss – Thavaselan Subramaniam an individual and d/b/a Living Health Resources Corporation or LHRC" (Doc. 11).

In this case, plaintiff alleges claims under the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act of 1964, harassment, assault and battery, and retaliatory termination. According to the allegations in plaintiff's Complaint, Mr. Subramaniam was the agent, servant and employee of defendant Seelan, LLC, and he owns and controls both Seelan, LLC and LHRC, through his offices in Tulsa. Plaintiff asserts that she worked for defendants from January through March 28, 2012 and that she was subjected by Mr. Subramaniam to unwanted sexual advances, assaults and batteries, and a hostile work environment. She further alleges that she was not paid overtime pay for her overtime work each week. She claims that, when she complained about the foregoing conduct, defendants retaliated against her by terminating her employment.

Defendant Subramaniam, individually and d/b/a LHRC has moved to dismiss on several grounds, citing in conclusory fashion Rules 12(b)(1), 12(b)(2), 12(b)(6) and 12(c) of the Federal

Rules of Civil Procedure. The defendant provides little to no legal analysis and no citation to any case authority. The defendant's several arguments are addressed in turn below.

**1.    LHRC**

Defendant asserts that plaintiff was not at any time employed by LHRC. However, as noted, plaintiff asserts that she was employed by LHRC and that defendant Subramaniam owned and controlled LHRC and conducted business for LHRC out of his Tulsa office where plaintiff worked. Moreover, defendants admit that Mr. Subramaniam was the CEO of LHRC, and they indicate that LHRC did business in Oklahoma under the authority of Seelan, LLC.

Defendant also argues that LHRC does not have 15 or more employees and is thus not subject to Title VII. In contrast, the plaintiff has asserted that LHRC *is* subject to Title VII, and defendant has not provided any evidence to the contrary or any evidence that LHRC has fewer than 15 employees.[1] At the pleading stage, the Court finds plaintiff's allegations sufficient to state a plausible claim based upon the alleged acts of Subramaniam and plaintiff's assertions that he was doing business as and acting on behalf of LHRC and Seelan, and that those entities are subject to Title VII. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A determination of the merits of this issue will require factual proof that was not presented in the dismissal briefing.

Defendant's final argument as to LHRC is that LHRC is a foreign corporation and plaintiff has not alleged whether a treaty exists between the United States and Canada to bring a claim involving LHRC. Again, there is absolutely no legal authority cited for that argument.

---

[1] While the argument is unclear, defendant asserts that the 15 employee requirement of Title VII is "jurisdictional," and he makes a passing reference to Fed. R. Civ. P. 12(b)(1), suggesting that the Court lacks subject matter jurisdiction. However, the Supreme Court has determined that Title VII's employee "numerical threshold does *not* circumscribe federal-court subject-matter jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006) (emphasis added).

Based upon the allegations of plaintiff and the broad definition of "employer" under Title VII, *see* 42 U.S.C. § 2000e(b), the Court concludes that plaintiff has asserted facts which state a plausible claim under Title VII.

**2.     FLSA Claim**

Defendant argues that the FLSA "does not apply to [plaintiff's] claim" because plaintiff was a salaried employee. (Doc. 11 at 5). Defendant cites no legal authority to support that proposition. While salary compensation is one consideration in FLSA cases, the overarching question is whether the employee's primary *duty* was managerial or administrative or a combination of the two. The mere payment of salary compensation thus does not, alone, render an employee an "exempt" employee who is not entitled to overtime pay. *See* 29 U.S.C. §§ 207, 213; 29 C.F.R. § 541.100; *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822 (10th Cir. 2012) ("In FLSA cases, a court must first determine the employee's primary duty, and then determine whether that primary duty disqualifies the employee from FLSA's protections."). It is the employer's burden to "prove that an employee falls 'plainly and unmistakably' within a FLSA exemption." *Maestas*, 665 F.3d at 826. Here, the defendant makes no argument and provides no citation to any particular exemption that would apply to plaintiff. At the pleading stage, the Court finds that plaintiff has sufficiently alleged an FLSA overtime claim.

IT IS THEREFORE ORDERED that the Motion to Dismiss (Doc. 11) is **denied**.

IT IS SO ORDERED this 1st day of November, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE