**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELLY R. SWEENEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-547-JED-TLW |
| v. ) | |
| ) | |
| SEELAN, LLC; THAVASELAN ) | |
| SUBRAMANIAM, an individual and d/b/a ) | |
| LIVING HEALTH RESOURCES ) | |
| CORPORATION or LRHC; ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Court has for its consideration the Motion for Summary Judgment (Doc. 23), filed by the defendants. Plaintiff filed a Response in opposition to the motion (Doc. 27).

**I.     Background**

Plaintiff alleges claims under the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act of 1964, harassment, assault and battery, and retaliatory termination. According to the allegations in plaintiff's Complaint, Mr. Subramaniam was the agent, servant and employee of defendant Seelan, LLC (Seelan), and he owns and controls both Seelan and LHRC, through his offices in Tulsa. Plaintiff asserts that she worked for defendants from January through March 28, 2012 and that she was subjected by Mr. Subramaniam to unwanted sexual advances, assaults and batteries, and a hostile work environment. She further alleges that she was not paid overtime pay for her overtime work. She claims that, when she complained about the foregoing conduct, defendants retaliated against her by terminating her employment.

The defendants seek summary judgment based on three arguments. First, defendants assert that, even assuming that Seelan and LHRC were an integrated enterprise, those entities do

not have a combined 15 employees, as required to maintain claims under Title VII. Second, they argue that, for the same reason, any state law discrimination or common law claims must be dismissed because Oklahoma law also requires the prerequisite 15 employees for discrimination claims under state law. Third, defendants assert that plaintiff was an exempt employee under the FLSA such that her overtime wage claim should be dismissed.

**II.     General Standards Applicable to Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "By its terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). "[S]ummary judgment will not lie if the dispute about a material fact is not 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The courts thus determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

**III.    Analysis**

    *A.     Title VII Claims*

In support of their summary judgment motion, defendants submit an affidavit of Mr. Subramaniam, stating that at the time of plaintiff's employment and throughout 2012, there were

only three (3) employees, which included Mr. Subramaniam, Ms. Sweeney, and another employee, and that "[t]here were no [other] employees . . . that could be considered an employee of Seelan, LLC and Living Health Resources Corporation or LHRC." (Doc. 23 at 15 of 38). Plaintiff did not present any evidence or analysis to dispute this in her response. (*See* Doc. 27).

Title VII prohibits "employers" from engaging in particular discriminatory and retaliatory employment practices. *See, e.g.,* 42 U.S.C. §§ 2000e-2, 2000e-3. For purposes of Title VII, "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . ." 42 U.S.C. § 2000e(b). Here, the plaintiff did not present any evidence to dispute Mr. Subramaniam's assertion in his affidavit that, during 2012 (the year of plaintiff's employment), the defendants employed only three employees, and she did not present any evidence that there were 15 or more employees of any defendant, separately or combined. Accordingly, as there is no genuine dispute as to the 15 employee requirement in this case, summary judgment is appropriate on plaintiff's claims under Title VII.

  *B. FLSA Claim*

Defendants assert that plaintiff cannot maintain her FLSA claim because she was salaried and was therefore exempt under the FLSA. However, salary compensation is only one consideration when determining whether an employee is exempt under the FLSA. As discussed below, the salary element, alone, does not establish that an employee is exempt.

The FLSA provides for a number of exemptions from wage and overtime requirements. *See* 29 U.S.C. § 213. While the specific basis for their exemption argument is unclear, defendants appear to assert that plaintiff is subject to the "bona fide executive, administrative or

professional" exemption of § 213(a)(1). However, other than to assert salary compensation and that plaintiff was an "Executive Assistant" (Doc. 23 at 11), defendants have provided no analysis or explanation of their exemption argument. "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary ***and duties*** meet the requirements of the regulations. . . ." 29 C.F.R. § 541.2 (emphasis added). Under the regulations, an "employee employed in a bona fide executive capacity" under § 213(a)(1) "shall mean an employee: (1) Compensated on a salary basis at a rate of not less than $455 per week . . .; (2) Whose primary duty is management of the enterprise in which the employee is employed . . .; (3) Who customarily and regularly directs the work of two or more other employees; ***and*** (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a) (emphasis added).

This analysis initially requires an examination of the employee's primary duty. *See id.; see also* 29 U.S.C. §§ 207, 213; *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822 (10th Cir. 2012) ("In FLSA cases, a court must first determine the employee's primary duty, and then determine whether that primary duty disqualifies the employee from FLSA's protections."). It is the employer's burden to "prove that an employee falls 'plainly and unmistakably' within a FLSA exemption." *Maestas*, 665 F.3d at 826. As noted, defendants have not provided any analysis of the plaintiff's duties while employed or of any other elements of 29 C.F.R. § 541.100(a) other than salary compensation. In contrast, plaintiff has provided an affidavit stating that (1) she never supervised more than one other employee and (2) Mr. Subramaniam "would direct all [her] work, controlled the terms and conditions of [her] employment, acted for the

companies in relation to [her], and ran the companies." (Doc. 27-1). Plaintiff's affidavit creates a genuine issue of material fact as to her exempt status under the elements set forth in 29 C.F.R. 541.100(a)(2) - (4).

As a result of the foregoing, defendants have not established that plaintiff was an exempt employee under the FLSA, and the summary judgment motion on that claim is denied.

    C.    *State Law Claims*

In addition to the Title VII and FLSA claims, plaintiff also asserts that the Court should exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over her state law claims. (Doc. 2 at 1-2). Plaintiff asserts that, even if her Title VII claims do not survive summary judgment, her state law claims for harassment, wrongful discharge, and assault and battery are properly before the Court, exercising its supplemental jurisdiction under § 1367, because the Court has original jurisdiction by virtue of the remaining FLSA claim under federal law.

Defendants argue that plaintiff cannot maintain a state law claim for wrongful discharge in relation to work-related sexual harassment for the same reason her Title VII claims fail: there were not 15 or more employees during the year plaintiff was employed. In support of that argument, defendants principally rely upon *Brown v. Ford*, 905 P.2d 223 (Okla. 1995). That case, and the proposition for which defendants cite it, was overruled in *Smith v. Pioneer Masonry, Inc.*, 226 P.3d 687 (Okla. 2009). The plaintiff in that case asserted a state common law claim for wrongful, constructive discharge based upon alleged racial harassment and discriminatory conduct. Relying on *Brown*, the trial court in *Smith* determined that the public policy embodied in the Oklahoma Anti-Discrimination Act did not apply to employers with fewer than 15 employees. The Oklahoma Court of Civil Appeals affirmed. On certiorari review, the Oklahoma Supreme Court overruled *Brown* "to the extent it holds the public policy embodied

in the Oklahoma Anti-Discrimination Act can only serve as the basis for a *Burk* tort pursued by an employee whose employer meets the fifteen employee threshold." *Smith*, 226 P.2d at 689. Accordingly, the court expressly held that "the public policy embodied in the [Oklahoma] Act can be the basis of a wrongful termination claim regardless of the number of employees." *Id.* at 688.

As no other substantive arguments or evidence were presented by defendants as to the plaintiff's state law claims, and the case upon which they rely has been overruled, the Court concludes that the motion for summary judgment should be denied as to plaintiff's state law claims. The Court has original jurisdiction over this matter by virtue of the FLSA claim and will not at this time decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**IV.    Conclusion**

Based upon the foregoing, the defendants' motion for summary judgment (Doc. 23) is **granted in part and denied in part**. The motion is granted as to plaintiff's Title VII claims and is denied as to plaintiff's FLSA and state law claims.

IT IS SO ORDERED this 1st day of November, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE